IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RASHAD MARQUISE BALLARD, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-19 |
| v. | |
| MS. JONES, CHAPLAIN FLYNN, GEORGIA DEPARTMENT OF CORRECTIONS, and CHAPLAIN HARRIS, | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a convicted and sentenced state prisoner at Ware State Prison in Waycross, Georgia. Doc. 1. Plaintiff claims someone in the prison kitchen refused to "respect [his] religious way of eating no meat, eggs, nor fish" on December 21, 2022. Id. at 4. Someone placed two pieces of meat on his tray that day. Id. Plaintiff continues to be served meat. Id.

---

[1] Plaintiff has consented to the undersigned's plenary review. Doc. 5.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff also describes being stabbed, held in lock down, and denied water at an unspecified time.  Id. at 5.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

I. **Failure to State a Claim**

Plaintiff names Ms. Jones, Chaplain Flynn, Chaplain Harris, and the Georgia Department of Corrections as Defendants but makes no factual allegations against them. Plaintiff does not explain the involvement of Ms. Jones, Chaplain Flynn, or Chaplain Harris. Plaintiff mentions "Ms. Irons" and "Officer York" in different parts of his Complaint, but it is not clear if these are defendants or how they are involved. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff fails to explain how the named Defendants were involved in any violations of his constitutional rights. See generally, Doc. 1. Plaintiff does not name these Defendants anywhere besides the caption of the case, and he does not explain their involvement in any purported violations of his constitutional rights.

To the extent Plaintiff seeks to hold Defendants liable for the acts of their subordinates without alleging any personal involvement, his claim also fails. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation

omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendants participated in the events forming the basis of any of Plaintiff's claims.  Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendants.  Accordingly, I **DISMISS** Plaintiff's Complaint for failure to state a claim.

## II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 14th day of November, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA